ROBERT GRANSTAFF *v.* STATE OF TENNESSEE.

(*Nashville*, December Term, 1931.)

Opinion filed January 23, 1932.

D. M. Robinson, W. B. Williams and Bob Curtis, for plaintiff in error.

Nat. Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This was a conviction under an indictment charging assault with intent to kill one Ollie Garrison. There was a sentence of one year in the State prison. Plaintiff in error is a man of fifty-seven years of age. The difficulty grew out of differences between Garrison and young Tommie Granstaff, the sixteen or seventeen year old son of plaintiff in error. Garrison, who was a man some thirty-two years old, had teased and aggravated the boy on a number of occasions. There is a dispute in the record as to just what words passed between the parties at the time of the difficulty which resulted in the cutting of Garrison by the father of Tommie. The wife of plaintiff in error, and the mother of Tommie, was dead, and the testimony of Tommie and his father is that, in response to this teasing by Garrison, Tommie made some reply, and Garrison thereupon referred to Tommie as a bastard, and that this so outraged the father that he made the assault. In the course of the argument of the case, the attorney for the State told the jury that there was no testimony of the use of this opprobrious term

except that of the defendant. Counsel for the accused protested, but the trial judge stated "that he would permit the Attorney-General to argue as he was, that the jury could determine what the evidence was." The record shows that Tommie had definitely testified that Garrison had said to him "You go to Hell you damn bastard."

It is complained that this was prejudicial error affecting the degree of the offense. Recognizing that under our authorities the use of mere words will not reduce the degree of the crime, we are of opinion that under the circumstances herein appearing, a fair and correct statement of the testimony of this witness on this point was demanded, in view of the fact that it was the province of the jury to fix the punishment, and that the conclusion reached by the jury on the question of whether or not this language was used would naturally affect the action of the jury with regard to the punishment. If the jury found that the testimony of the father, as to the use of this language, was supported by the testimony of the son, the jury might well have determined to fix the punishment at a jail sentence, rather than a term in the State prison. In this view and under these circumstances we are of the opinion that prejudicial error was committed in permitting the argument to be thus made by the Attorney-General.

In case of a dispute of this nature, going to a vital matter of testimony, it was within the province of the trial judge, if within his recollection, to determine the question, as, by analogy, he must do in passing on a bill of exceptions. This is in harmony with expressions of this Court in *Tyrus* v. *R. R.*, 114 Tenn., 579. And if the trial judge is himself in doubt, then a proper practice is

to recall the witness, or have read to the jury the reporting stenographer's notes. We are of opinion, for the reasons stated, that justice requires a reversal and new trial.