(No. 36627.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS SINCLAIR, Plaintiff in Error.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

GEORGE I. COWELL, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and WILLIAM J. MARTIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Thomas Sinclair, was tried by jury in the criminal court of Cook County and convicted of the crime of robbery. A writ of error has issued to review the conviction.

Consideration of the issues on this writ of error must be prefaced by a brief summary of the evidence. A service station attendant testified that the robbery was committed by 3 men in an automobile at about 4:30 or 5:00 o'clock in the morning. A few days later, the attendant identified one Jeff Hall at a police line-up as one of the robbers. Two police officers testified that after Hall had been identified, they had a conversation with him and one Singleton, and

that after this conversation they went to a certain address where they had a conversation with another person, following which they went to still another address and talked to a person there. The officers testified that they made several trips back to these addresses and ascertained that the defendant was not there. About a week after their first trip, they arrested the defendant at one of these places. The defendant made an oral admission of his guilt and later signed a written confession.

For the defense, the defendant testified that he, Hall and Singleton had attended a birthday party on the morning in question. The defendant left the party at about 2:30 in the morning, went home and packed his suitcase and went to Michigan where he worked for about 8 days picking cherries. He returned voluntarily to Chicago and was placed under arrest. He testified that his confession was induced by police brutality.

In rebuttal, the State proved that the defendant had previously been convicted of a felony. The police officers denied using any force against the defendant and the defendant's medical record was introduced which did not indicate any marks or bruises on the defendant's body when he was admitted to the jail.

The defendant's first contention is that hearsay evidence was improperly admitted. He argues that the trial court should not have permitted the police officers to testify that they had a conversation with Hall and Singleton and that they thereafter searched for the defendant. It is argued that even though the officers did not testify as to what Hall and Singleton had told them, their subsequent search for the defendant had the effect of advising the jury that Hall and Singleton had told them that the defendant had been involved in the crime. Our review of the abstract of the record discloses that no objection was made by defense counsel to the testimony of one officer that he had talked to Hall and Singleton, nor was there any objection when the

officer was asked what he did as a result of this conversation. This officer went on to testify, without objection, that he had talked to the persons at the two addresses where the officers went. It was only after this testimony was received without objection that counsel objected to the whole line of questioning on the ground that it was indefinite. The other officer testified without objection that he had talked to Hall and Singleton. Counsel objected to a question asking the officer what was said, and the court sustained the objection. The officer was permitted to testify that Hall and Singleton admitted their participation in the crime but nothing was said as to the defendant's guilt. The officer then testified, without objection, that he and his partner went to the two addresses previously referred to and talked to persons at those addresses. We are of the opinion that the contention that the officers' testimony was hearsay cannot be raised in this court, since no timely objection to this evidence was made in the trial court.

The defendant also claims that the trial court erred in permitting the service station attendant and the two officers to identify Hall at the trial as one of the robbers. In *People v. Keagle,* 7 Ill.2d 408, we held that a similar procedure was not improper where it served to corroborate certain witnesses' testimony. In the present case the defendant confessed the crime and stated in his confession that Hall was also involved. The identification of Hall served to corroborate the defendant's confession and was not prejudicial error.

The defendant next argues that the trial judge improperly misled the defendant's attorney and caused him to become so confused that he permitted the defendant's confession to be admitted in evidence without objection. The record shows that while counsel was cross-examining a police officer concerning the confession, he stated, "The jury might like to know what is in * * *." This statement was not completed, but it is clear that counsel was

about to state that the jury might like to see what was in the statement. The prosecutor then offered the statement in evidence and counsel for the defense stated, in reply to the court's question, that he had no objection. Counsel now contends that these proceedings established that defendant's trial counsel was very confused, and was unaware of his right to object to the admission of the confession on the ground that it was involuntary, and it is argued that the court improperly urged counsel to allow the confession to be admitted without objection. In our opinion this conclusion is not justified. Counsel indicated that he wanted the jury to know what was in the statement and the court suggested to counsel that if he wanted to read the statement to the jury it should first be submitted in evidence. This remark of the trial judge was proper and is not subject to the construction placed upon it by defendant.

The defendant also contends that the prosecutor's argument was improper. The record shows that trial counsel did not object to most of the remarks now complained of and error, therefore, cannot be assigned on these remarks. Counsel did object to the prosecutor's remark that the defendant's testimony was a "cock-and-bull" story. A prosecutor may argue that the testimony of a witness is false if he relies on the evidence and the inferences from it to support his conclusion. Our review of the record satisfies us that the prosecutor's characterization of the defendant's testimony was based upon the evidence and was not improper.

Finally, the defendant argues that the court erred in giving an instruction that flight was a circumstance to be considered in determining the guilt or innocence of the defendant. Defendant does not contend that the instruction improperly stated the law, but argues that there was no evidence of flight. The defendant testified that he left a party where he had been with Hall and Singleton, at about 2:30 in the morning, and went to Michigan where he stayed

510

for about 8 days. Although in his testimony he denied his guilt of the crime, he admitted in his confession that he took part in the robbery. This abrupt departure from the State in the early hours of the morning, coupled with the defendant's admission of guilt, was evidence of flight which could properly be considered by the jury.

We are satisfied that the defendant received a fair trial and that the evidence was sufficient to establish his guilt beyond a reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*