(No. 37479.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MEMPHIS BRIDGES, Plaintiff in Error.

*Opinion filed May 27, 1963.*

CURTIS HEASTON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RICHARD T. BUCK, Assistant State's·Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

In 1945 the defendant, Memphis Bridges, was indicted by the grand jury of the criminal court of Cook County on five separate charges. He was tried by the court without a jury, found guilty on each charge and sentenced to consecutive terms in the penitentiary aggregating a maximum of 62 years. His petition for a writ of error under Rule 65—1 was allowed, counsel was appointed, and the case is now before us for decision.

The first indictment on which the defendant was tried

(45-1400) charged him with assault with intent to rape Grace Barr. She testified that the defendant attacked her in an alley and put his hand over her mouth which caused her to lose consciousness. Prior to losing consciousness she did not feel anything other than the defendant's hand over her mouth and nose. When she regained consciousness she found that her head, mouth and knee were bleeding, the backs of her hands and heels were scratched, and her shoes were off. She also testified that she had a United States Savings Bond, a check, a checkbook and an envelope in her purse at the time of the assault and that the defendant took her purse. The next witness on this indictment was police officer Clifford J. Fitzer who testified that two days after the assault on Mrs. Barr he received a call from a currency exchange and in response to the call went to the exchange and placed the defendant under arrest. Over the objection of defense counsel, the officer testified that the man in charge of the currency exchange told him in the presence of the defendant that the defendant was trying to cash a check which was made payable to the Collector of Internal Revenue. The check, together with an envelope and a notice that an installment of income tax was due was introduced in evidence over the objection of the defendant. Defense counsel argued that this evidence was irrelevant and unconnected with the charge for which the defendant was on trial and was prejudicial since it tended to prove the commission of a separate offense. The prosecutor argued the introduction of this evidence was proper in order to show that the arrest of the defendant was legal so that a subsequent search of the defendant was likewise legal. Defense counsel replied that he had not moved to suppress any of the evidence so that it was not necessary to establish the legality of the search, but the court overruled the defendant's objection and permitted the officer to testify as to the circumstances of the arrest and admitted the exhibits in evidence. The officer then

testified that he had searched the defendant and had found the bond and checkbook which had been taken from Mrs. Barr on the defendant's person and that he had found the check and envelope which had been taken from Mrs. Barr in the defendant's home. The officer testified that the defendant told him that he had found these articles in a purse. The next witness on this indictment was Nora Twomey who testified that the check payable to the Collector of Internal Revenue, the notice of installment due and the envelope which were all in the defendant's possession at the currency exchange had been taken from her. The defendant's motion that the testimony of Miss Twomey be stricken was denied. The defendant offered no evidence on this indictment but argued that the evidence was insufficient to show an intent to commit rape. The court withheld his ruling on this indictment until the other indictments were tried.

The next indictment (45-1401), charged the defendant with the robbery of Grace Barr at the same time and place and it was stipulated that the State's evidence on this charge would be the same as the evidence under the first indictment and that the defendant's objections to the State's evidence would likewise be the same. On this charge the defendant testified and denied the assault on Mrs. Barr. He testified that he had found a pocketbook and that the bond, check, checkbook and envelope belonging to Mrs. Barr, together with the check, notice of installment due and envelope belonging to Miss Twomey were all found in the pocketbook. The defendant did not offer any further evidence on this charge and the court entered a finding of guilty.

The next indictment which was tried (45-1042) charged the defendant with the rape of Florence Cross. She testified that 3 days prior to the assault upon Mrs. Barr, she was forcibly raped by the defendant and that the defendant took her watch, some money and her back-

door key from her purse. She testified that she bit the defendant's hand and that she had blood on her clothing which she said might have come from the defendant's hand or from her nose. Officer Fitzer then testified, over objections, as to the circumstances of the defendant's arrest in the currency exchange. He also testified that he found a bloody lady's handkerchief and a bloody shirt in the defendant's home. On cross-examination, the officer testified that he examined the defendant's hands and noticed a mark on the back of one of his hands. Another officer testified that when the defendant was searched he found a key ring and that on the key ring was a key which fit Mrs. Cross's back door. The officer testified that the defendant had told him that he found the key. He also testified that he found a gun in a drawer at the defendant's home and this gun was identified by Mrs. Cross as the same gun which the defendant had in his possession at the time of the assault. Another officer testified that when he searched the defendant he found a knife on his person. Mrs. Cross identified the knife as the knife which the defendant had used at the time he had attacked her. The defendant testified and denied attacking Mrs. Cross. He testified that he found Mrs. Cross's door key in the same purse in which he had found Mrs. Barr's and Miss Twomey's property. The court then announced a finding of guilty on this indictment.

The defendant was then tried for the armed robbery of Mrs. Cross (45-1403) and it was stipulated that the evidence and objections would be the same as on the rape charge. The court entered a finding of guilty on that indictment.

The last indictment under which the defendant was tried (45-1417) charged him with larceny from the person of Nora Twomey. She testified that on the same evening as the assault upon Mrs. Barr, the defendant grabbed her purse containing about $22 in currency, 3 bank books,

an Irish penny, a compact, several keys, the check payable to the Collector of Internal Revenue, the notice of installment due and envelope, and a fountain pen. Officer Fitzer again testified to the circumstances of the defendant's arrest in the currency exchange and testified that most of the articles which Miss Twomey had said were in her purse were found either on the defendant's person or at his home. The defendant testified on this indictment and denied taking Miss Twomey's purse, stating that all of the articles which belonged to Miss Twomey were in the purse which he had found, together with the property of the other two women. The court then entered a finding of guilty on this indictment.

Counsel for the defendant then reminded the court that he had withheld his finding on the first indictment and the court said that in view of the findings on the other indictments he would take the responsibility of finding the defendant guilty of assault with intent to commit rape.

The defendant's first contention on this writ of error is that the evidence was insufficient to establish his guilt under the first indictment charging him with assault with intent to commit rape. The evidence on this charge was sufficient to establish an assault and was sufficient to identify the defendant as the person guilty of the assault. However, in such an offense, the specific intent is the gist of the offense. (*People* v. *Marino*, 388 Ill. 203.) Mrs. Barr testified that she was rendered unconscious immediately and she was unable to testify as to any act of the defendant indicating an intent on his part to rape her. The court was apparently doubtful as to whether this evidence was sufficient since he withheld his finding until the other indictments had been tried, and it was only after the findings of guilty on the other charges that the court entered his finding of guilty on the first indictment. There was nothing in the evidence under the other indictments which in any way cured the defect in the proof under the first indict-

ment, and even if there had been, such evidence could not properly have been considered by the court on the first charge. We are of the opinion that the evidence on the indictment charging the defendant with assault with intent to commit rape was insufficient to establish his guilt beyond a reasonable doubt. The judgment of conviction under that indictment is therefore reversed.

The defendant also argues that the court erred in admitting evidence of separate crimes on each indictment and points specifically to the fact that in the trial of the indictments charging him with the robbery of Mrs. Barr, the rape of Mrs. Cross and the robbery of Mrs. Cross the court repeatedly admitted, over objection, testimony concerning the larceny from the person of Miss Twomey and the attempt to cash the check at the currency exchange. We must agree with counsel for the defendant that this evidence was improper. The only attempted justification of this evidence was that it was intended to establish that the defendant was in the process of committing a crime by attempting to cash the check at the currency exchange, which in turn would have established the validity of the arrest and the validity of the subsequent search. The defendant did not in any of these trials move to suppress the evidence taken from either his person or his home and it was not necessary for the prosecutor to establish the validity of the arrest. Evidence of the events in the currency exchange and evidence of the defendant's theft from Miss Twomey was therefore irrelevant and should not have been admitted. However, the other evidence on these indictments was clear and convincing and was sufficient to establish the defendant's guilt of these charges beyond a reasonable doubt. The positive identification testimony of the victims of the attacks was corroborated by the fact that the stolen property was found in the defendant's possession and his implausible explanation of his possession of the property is entitled to little consideration. It is not

the policy of this court to reverse a judgment of conviction because of errors which occurred at the trial unless it appears that justice has been denied or that the finding of guilt might have resulted from the error. (*People* v. *Susanec,* 398 Ill. 507, 515.) Where there is no evidence to indicate anything other than the defendant's guilt and it appears that the result would not have been different had the error complained of not occurred, the judgment will not be set aside. *People* v. *Orr,* 10 Ill.2d 95, 98.

Finally, the defendant argues that he did not receive a fair trial by reason of the fact that all of the indictments were tried in succession before the same judge. The defendant did not object to this procedure at the time of the trials and this contention is not open to consideration in this court. (*People* v. *Woods,* 23 Ill.2d 471.) Furthermore, in view of the clear proof of the defendant's guilt, we are of the opinion that no prejudice resulted from this procedure.

The judgment of the criminal court of Cook County on indictment 45-1400 is reversed and the judgments of said court on indictments 45-1401, 45-1402, 45-1403 and 45-1417 are affirmed.

*Affirmed in part; reversed in part.*