(No. 36628.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE DONALD, Plaintiff in Error.

*Opinion filed November 26, 1963.*

284

J. STEPHEN CRAWFORD, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JOHN J. O'TOOLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

At a jury trial in the criminal court of Cook County, the defendant, George Donald, was convicted of robbing John Neeley and was sentenced to the penitentiary for a term of not less than 10 nor more than 15 years. In prosecuting this writ of error, defendant contends that: (1) he was not proved guilty beyond a reasonable doubt, (2) the trial court

erred in refusing to give an instruction tendered by defendant, and (3) the closing argument of the prosecuting attorney was misleading, prejudicial, and not based on the evidence.

John Neeley, the complaining witness, testified that as he was walking north on the west side of South Giles Avenue near his residence, at about 9:45 P.M. on the night of May 21, 1960, defendant approached him from the opposite direction and asked for a light for his cigarette. Neeley said he withdrew a lighter from his pocket and lit defendant's cigarette, but as he started to return the lighter to his pocket, defendant stated that he needed another light, whereupon the witness proceeded to light the cigarette a second time. As he did so, however, someone from behind placed a knife at his throat and announced that it was a robbery. Defendant then took a watch and some loose change from Neeley's person while the accomplice took the victim's currency. Following this, according to Neeley, defendant struck him in the mouth knocking out several teeth and then ran northeasterly across South Giles Avenue and under a street light some 100 feet away. In all, Neeley estimated that the encounter with the defendant took about five minutes, and after its occurrence he returned home, called the police, and reported the crime. On May 30, 1960, defendant was arrested and on the following day Neeley identified him from a police line-up as the assailant.

Testifying in his own behalf, defendant related that for three or four days prior to May 21, 1960, he had been living with Robert Gray, James Gray, and Robert Overton at 3600 South Wabash Avenue and that during the evening of the crime, he had never left the Wabash Avenue address but had spent the entire time talking with the other occupants and a friend of theirs whose name he did not recall. Although Neeley denied previously knowing the defendant, the latter stated that he had lived near the Neeley residence from 1933 to 1937 and knew Neeley by sight.

Robert Gray testified that he had been released from jail as a robbery suspect on May 21, 1960, and that he had spent the remainder of the day with defendant at the Wabash Avenue apartment, where defendant had been staying since May 14. The witness stated that defendant did not leave the apartment between 9 P.M. and 11 P.M. on the night in question, but he was not sure if James Gray was also there during this time. Although Overton was present at the apartment, Gray said his physical condition was such that he could not appear in court.

Defendant contends there was not ample opportunity for Neeley to identify his assailant, and that this fact, together with the uncontroverted alibi evidence, creates a reasonable doubt of guilt. In weighing evidence of identification, the attendant circumstances, along with the probability or improbability of an adequate opportunity for a definite identification, must be considered. (*People* v. *Gold,* 361 Ill. 23; *People* v. *Peck,* 358 Ill. 642.) However, the positive identification by one witness who had ample opportunity for observation may be sufficient to support a conviction even though such testimony is contradicted by the accused. (*People* v. *Prochut,* 27 Ill.2d 298; *People* v. *Cox,* 22 Ill.2d 534; *People* v. *Dirkans,* 18 Ill.2d 300.) In the present case Neeley stated that although the robbery occurred after dark, he held a flame to his assailant's face in lighting his cigarette on two separate occasions and observed the defendant running under a street light some 100 feet away. In all, Neeley was in the presence of his assailant for approximately five minutes during which time his pockets were being emptied and a knife held at his throat. These were not fleeting glimpses which might pass unnoticed. To the contrary, these were events covering a period of several minutes and affording Neeley ample opportunity and reason to identify the defendant. Although there was proof of alibi, in the last analysis this became a question of the witnesses' credibility which was for the jury to decide, and such determination

not being so unreasonable, improbable, or unsatisfactory as to raise a reasonable doubt of the defendant's guilt, the verdict will not be disturbed on review. *People* v. *Johnson,* 23 Ill.2d 465; *People* v. *Woodruff,* 9 Ill.2d 429.

Defendant also contends that the trial court erred in refusing to give an instruction tendered by the defense relative to identification. However, no other instructions have been abstracted, and we have consistently held that where the abstract fails to include all instructions, both given and refused, alleged error concerning instructions will not be considered upon review. *People* v. *Robinson,* 27 Ill.2d 289; *People* v. *Woodruff,* 9 Ill.2d 429.

The defendant finally contends that the prosecutor's closing argument was improper, in that reference was made to Robert Gray's arrest as a robbery suspect, to the nature of the assailant's description furnished by Neeley to the police, and to the duty of the jury to decide which of the witnesses to believe. The defendant did not object to this argument in the trial court, and the irregularities now complained of must be deemed to have been waived. *People* v. *Sinclair,* 27 Ill.2d 505; *People* v. *Allen,* 413 Ill. 69.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*