2 Ill. App.3d 556 (1971)
276 N.E.2d 825
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
SAM LONGSTREET, Defendant-Appellant.
No. 71-84.
Illinois Appellate Court  Fifth District.
November 15, 1971.
*557 Paul Bradley, of Defender Project, of Mt. Vernon, (Kenneth L. Jones, of counsel,) for appellant.
R.W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.
Judgment affirmed.
Mr. JUSTICE CREBS delivered the opinion of the court:
Defendant, Sam Longstreet, was tried by jury in the circuit court of Madison County on an indictment charging him with the crime of murder. The jury found him guilty as charged and he was sentenced to the penitentiary for a term of not less than 20 nor more than 40 years.
On appeal defendant does not challenge the sufficiency of the evidence and it is therefore unnecessary to summarize the testimony. Defendant's first claim is that he was deprived of his constitutional right to be present at all stages of his trial in that neither defendant nor his attorney was present when the court communicated with the jurors after they had begun their deliberations. The jury began its deliberations on the afternoon of May 12 and the conduct complained of took place in open court at 1:30 A.M. on May 13. The official court reporter was present and the report of the proceedings shows that the judge, after inquiring as to whether the jury had reached a verdict, directed the jurors to cease deliberations and told them to retire for the evening.
 1, 2 The courts of this state have repeatedly held that although the defendant has the right to be present at all stages of this trial "[T]his constitutional guaranty is not infringed upon by holding hearings outside defendant's presence which do not involve substantial rights of the accused." (People v. Woods, 27 Ill.2d 393, 395.) The privilege to be *558 present in his own person does not guarantee the defendant the right to be present when his presence would be useless, and the Supreme Court has held that "[J]udgments will not be reversed when it is apparent that no injury has resulted from a communication to the jury, either by the court or by third persons". People v. Tilley, 411 Ill. 473, 478.
It is difficult to see any possible injury or prejudice to the defendant in the case at bar. The court, in view of the late hour, merely permitted the jury to retire for the evening after first ascertaining that they had not reached a verdict. The defendant cites this Court's decision in People v. Rohwedder, 78 Ill. App.2d 211 in support of his position. There the trial judge interrupted the jury's deliberation to inquire as to whether they needed more time to deliberate. The foreman then indicated that they could use more time and the judge sent them back to the jury room. We there held that the jury would probably interpret the judge's action to mean that he thought that it was about time to bring in a verdict. This would have the effect of hastening the deliberations to the prejudice of the defendant. We thus held that there was an actual injury to defendant as the result of the communication with the jury and that such injury necessitated a new trial.
 3 In the case at bar there is no possible coercive or prejudicial effect as was present in Rohwedder. The jury was told to stop deliberating until morning, not pushed into hurrying their decision. We do not condone the conduct of the trial judge in so communicating with the jury outside the presence of respective counsel and defendant, and certainly such practice is to be condemned. We hold, however, that in the instant case the conduct complained of did not constitute reversible error and that the defendant was not deprived of any substantial right.
 4, 5 Defendant also argues that he was denied a fair trial by the introduction of evidence concerning the presence of blood at the scene of the occurrence. It is his claim that this testimony and evidence was irrelevant and highly inflammatory and prejudicial. It has long been established that where the defendant fails to object to evidence at the trial he is considered to have waived his right to raise the issue of its impropriety on appeal. (People v. Lee, 44 Ill.2d 161, 171.) An examination of the record reveals that the defense counsel interposed but two objections to the evidence complained of. In one instance he merely stated that he objected without stating the grounds therefor and in the other he objected on the grounds that the witness identified a dark spot on a picture as blood when it hadn't yet been shown to be blood. It is clear that there was no objection on the grounds urged on this appeal and we therefore hold that defendant waived his right to raise this point on appeal. The evidence was not of such character as to require consideration *559 under the exception to the general rule set forth in People v. Romero, 36 Ill.2d 315.
 6 Defendant also urges that the court erred in allowing the State's Attorney to cross-examine the defendant in regard to the support of his wife and family. On direct examination the defendant testified that he and his wife were divorced, but that he gave child support. The State's Attorney was later allowed, over defendant's objection, to cross-examine the defendant as to the actuality of support payments and as to whether his wife was in fact receiving state aid. The court in overruling the objection stated that "After testifying he supports his children this is proper cross-examination". The trial court properly stated the law and we find that the defendant opened the door on direct examination. Once the door was open the defendant could not be allowed to claim error on the part of the court in permitting the witness to be cross-examined in regard to the veracity of his previous testimony. People v. Nastasio, 30 Ill.2d 51, 58.
 7, 8 Defendant further contends that the court erred by sustaining the State's Attorney's objections to questions designed to bring out the general reputation for truth and veracity of one of the State's occurrence witnesses. We agree with the defendant that the court did unduly restrict the defendant's right to examine the witness and that, in sustaining the State's Attorney's objections, error was committed. We find, however, from a thorough examination of the record that the evidence, including the testimony of two eye witnesses in addition to the one defendant was seeking to discredit, so overwhelmingly establishes defendant's guilt beyond a reasonable doubt that the error complained of must be held harmless error. See People v. Jenkins, 82 Ill. App.2d 150, 158.
 9 Defendant's final claim is that his cross-examination of an occurrence witness was unduly restricted when he attempted to establish the relationship between the witness and the decedent. The record does not support this claim. Prior to sustaining an objection made by the State's Attorney, the court had allowed defense counsel wide latitude in his cross-examination of the witness. He was allowed to ask the witness approximately 20 questions concerning the romantic involvements of both decedent and the witness and their relationship to each other. In permitting the defense to continue with this line of questioning the court overruled three separate objections by the State's Attorney. In a criminal trial the defendant is usually given wide latitude in his cross-examination. However, the degree of latitude to be allowed in such cross-examination is within the sound discretion of the trial court and the decision will not be reversed because of claimed improprieties in the court's rulings, unless it is shown that such discretion has been clearly abused. (People v. Provo, *560 409 Ill. 63, 68.) Here there is no showing that the trial court abused its discretion and to the contrary the record indicates that the defendant was given considerable latitude in his cross-examination.
Judgment of the circuit court of Madison County is affirmed.
Judgment affirmed.
EBERSPACHER, P.J., and JONES, J., concur.