(No. 45606.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ERNEST PIERCE, Appellant.

*Opinion filed January 31, 1974.*

SCHAEFER, J., dissenting.

Ernest Pierce, *pro se.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

The defendant, Ernest Pierce, was convicted, following a jury trial in the circuit court of Cook County, of armed robbery, aggravated kidnapping and rape. He was sentenced to concurrent sentences in the penitentiary· on each conviction for not less than 25 nor more than 50 years. The appellate court affirmed (9 Ill. App. 3d 153) and we granted leave to appeal.

There are two questions which the defendant presents on this appeal: first, whether the trial court erred in refusing the jury's request for a review of the testimony of certain witnesses, and, second, whether the trial court's refusal without the defendant's consent and in his absence denied him the constitutional right to assistance of counsel

and his claimed right to be present at the time of the consideration of the jury's request.

During the deliberations of the jury the trial judge advised the prosecutor and defense counsel that he had been informed by the deputy sheriff attending the jury that it had a question to present. The deputy stated to the court and counsel that the jurors said they had reached verdicts on two of the charges but had a question on the other charge. Both attorneys agreed with the trial court that the following written memorandum should be directed to the jury by the court:

> "Foreman: Without telling me what your votes are or anything relative to your verdicts, please put your question in writing and I will then advise you further."

The memorandum was given to the jury and it responded, asking what was the testimony of the prosecuting witness and the arresting officer.

After discussion with both counsel, and with their agreement, the judge sent this reply to the jury: "I cannot instruct further. You must continue with your deliberations."

The defendant was not present during the above proceedings.

Subsequently, verdicts of guilty on the charges of aggravated kidnapping, rape and armed robbery were returned by the jury in open court and in the presence of the defendant.

In the absence of a governing statute there are differing views on whether a trial judge upon a jury's request during its deliberations should permit a review of testimony that was presented during trial. Some have taken the position that where the requested testimony is directly material to the issues in the case the trial court must grant the jury's request. (*E.g., United States v. Jackson* (3d Cir.), 257 F.2d 41.) The view taken in the ABA Standards, Trial by Jury, section 5.2 (Approved Draft, 1968), is that the trial court is obliged to have the

testimony read to the jury whenever the jury's request is reasonable, the determination of which, of course, involves an exercise of discretion. A third view is that it is within the discretion of the trial court to allow or refuse the request for the review of testimony. The majority of courts which have considered the question have adopted this view. (50 A.L.R.2d 176.) We consider that the position of the majority is to be preferred. The trial court will have a full knowledge of the case. It will know the charges against the accused, the witnesses and their supporting or defeating testimony and other evidence which may have been presented. It will be in a position to assess the request and judge whether a review of testimony, considering the circumstances, will be helpful or hurtful to the jury's proper deliberations. This question of review, like so many others which appear in the course of trial, is best entrusted to the trial court's sound discretion.

A decision within the trial court's discretion will not be disturbed on appeal unless there has been an abuse of discretion. Considering the testimony of the prosecuting witness and the arresting officer it cannot be said discretion was abused by the court's denial here.

Moreover, the defendant cannot be heard to complain of error in the refusal to review the testimony of the victim and the arresting officer. A review of the testimony of both these witnesses discloses only testimony that is unequivocally incriminating and damaging to the defendant, who did not present any defense at trial. The jury had already reached two verdicts at the time of its request for a review of testimony and it is clear that the defendant's attorney acted protectively and in the defendant's interest in agreeing that the testimony of these two witnesses should not be reviewed for the jury. If it could be said on any ground that the trial court should not have refused the jury's request, any consequent error was a species of harmless error, error which favored the defendant and of which he cannot complain. (*People v. Bridges,* 28 Ill.2d

165, 172; *Harmison v. City of Lewiston,* 153 Ill. 313.) Too, the defendant understandably cannot complain of any deprivation of his right to the assistance of counsel when his attorney's action plainly was in the defendant's interest.

Neither do we find merit in the defendant's contention that there was prejudicial error because he was not present at the time the jury's request was considered.

There is no doubt that an accused in a criminal cause has an absolute right to be present at trial which cannot be waived by his attorney (*People v. Mallet,* 30 Ill.2d 136, 142), but our decisions also make it clear that there is no requirement that the defendant must be present at a proceeding which does not involve his substantial rights. *People v. Miller,* 13 Ill.2d 84; *People v. Kidd,* 357 Ill. 133, 136.

We do not say there may not be circumstances when a proceeding as was had here will involve substantial rights of an accused. Here, however, considering that the refusal of the jury's request was in the defendant's favor because of the hostile character of the testimony, we judge it cannot be said that substantial rights of the defendant were affected by the trial court's refusal. Even if it could be said that substantial rights were involved and the refusal was error, the error was benign and the defendant will not now be heard to remonstrate.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE SCHAEFER, dissenting:

In my opinion a jury's request to have the testimony of certain witnesses read to it should be determined in accordance with the American Bar Association Minimum Standards, *Trial by Jury,* section 5.2(a), which states: "Whenever the jury's request is reasonable, the court, after notice to the prosecutor and counsel for the defense, shall

have the requested parts of the testimony read to the jury and shall permit the jury to reexamine the requested materials admitted into evidence." The discretion that is to be exercised under this standard does not permit the judge to overrule the jury's determination as to what will be helpful to it. As the Commentary to the standard points out:

> "This gives the trial judge some leeway to bar review of specific matters which may somehow have been received into evidence but which in fact do not bear upon any of the issues which the jury must decide. But, the court *must* grant the jury's request to review certain evidence when that evidence directly relates to an issue before the jury. The failure of the court to do so has been held to be an abuse of discretion in several cases. See, *e.g.*, *United States v. Jackson*, 257 F.2d 41 (3d Cir. 1958) (narcotics prosecution, entrapment defense, refusal to read testimony on whether informant was a government employee); *LaMonte v. State*, 145 So. 2d 889 (Fla. App. 1962) (refusal to read testimony as to place where mask used in robbery was found); *Granstaff v. State*, 163 Tenn. 623, 45 S.W.2d 527 (1932) (refusal to read testimony in assault prosecution regarding words of provocation uttered by victim); *State v. Wolf*, 44 N.J. 176, 207 A.2d 670 (1965) (refusal to read testimony regarding contents of two letters written by defendant's alleged accomplice)."