THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALLEN HARRIS, Defendant-Appellant.

(No. 57215;

First District (4th Division)—June 12, 1974.

James J. Doherty, Public Defender, of Chicago (John Bogren, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The defendant, Allen Harris (also referred to at trial as Allen Cage), was found guilty of burglary after a jury trial in the Circuit Court of Cook County. He was sentenced to serve a term in the Illinois State Penitentiary of not less than 10, nor more than 20 years. Defendant brings this appeal claiming that:

> (1.) He was denied a fair trial by certain questions of the prosecutor during his cross-examination of defendant and by certain portions of the State's closing argument to the jury; and
>
> (2.) The sentence imposed must be modified to conform with the provisions of the Unified Code of Corrections.

The facts are as follows:

On May 24, 1969, the Chicago police responded to a call from a burglar alarm at a printing shop located in the city. A canine unit arrived at the scene and the dogs were sent into the building. Defendant and a companion emerged shortly thereafter and were arrested by the waiting officers. A search of defendant's person disclosed a screwdriver and $11.50 in nickels, dimes and quarters. Inside the building the police found that a soft drink machine and a coffee machine had been broken open and the empty coin-boxes had been left lying on the floor near them. Various other damage was discovered, as was the fact that several typewriters and adding machines were taken from the office and left on the loading dock. The safe and file cabinets had been tampered with as well. The officer who transported defendant to the police station testified that after advising defendant of his "rights", including his right to remain silent, defendant said that he had broken into the vending machines and participated in the other acts.

At trial, at the close of the State's case, defendant asserted an intoxication defense. His mother testified that her son was a heroin addict. Testifying in his own behalf, defendant stated that he was a heroin addict, using about $75 a day in heroin at the time of his arrest. On that date, defendant claimed that he had "shot up" $25 worth of heroin and the next thing he remembered was waking up in the police station following his arrest. When taken to County Jail the next day he went through nar-

cotic withdrawal. (These symptoms of withdrawal were confirmed by jail records introduced at trial.)

Defendant's initial contention on this appeal arose out of the following exchange during his cross-examination by the prosecutor:

"Q. Okay, fine. You say you were using $75 a day in narcotics?

A. Yes.

Q. Do you work?

A. Yes.

Q. How much do you make a day at your job?

A. I wasn't working that day.

Q. You weren't working then?

A. No.

Mr. Nettleton [Defendant's Counsel]: Objection of this line of questioning. This is not relevant to whether or not he is guilty of the crime charged.

THE COURT: It is cross-examination. He may answer.

Mr. Gertie [Assistant State's Attorney]: You weren't working at the time?

The Witness: A. No.

Q. Where did you get the money to buy narcotics?

The Witness: A. Well, I was going around obtaining the money— I was doing wrong in obtaining the money."

It is urged that these questions were improper as they were not relevant to any material issue and were intended solely to inflame and prejudice the jury by showing that defendant had a propensity to commit crimes.

■■ We are of the opinion that defendant's contention is without merit. It was defendant's position at trial, brought out in direct examination, that he was a heroin addict with a $75-a-day "habit" to support, that he had been under the influence of heroin that day, and that he could not remember anything that happened until he woke up at the police station following his arrest. It was entirely proper, therefore, for the prosecutor to ask questions relating to defendant's addiction. Defendant stated that he had an expensive habit to maintain and it was highly relevant to ask how he managed to support it. A defendant cannot complain when the prosecutor pursues lines of inquiry on cross-examination which are initiated by the defendant during his testimony on direct examination. *People v. Bridgeforth*, 51 Ill.2d 52, 66, 281 N.E.2d 617; *People v. Nastasio*, 30 Ill.2d 51, 58, 195 N.E.2d 144; and *People v. Longstreet*, 2 Ill.App.3d 556, 559, 276 N.E.2d 825.

■■ Defendant further claims that he was denied a fair trial by certain comments of the prosecutor during closing argument regarding defendant's testimony that he had a $75-a-day heroin habit and that he ob-

tained money to support it by "doing wrong". No objection was made to this argument by defendant's counsel at trial, so the alleged error, if any, was waived. *People v. Donald*, 29 Ill.2d 283, 194 N.E.2d 227; *People v. Sinclair*, 27 Ill.2d 505, 190 N.E.2d 298; and *People v. Davis*, 126 Ill. App.2d 114, 261 N.E.2d 428.

■■ Defendant's final contention is that the sentence of not less than 10 nor more than 20 years in the Illinois State Penitentiary was excessive and should be reduced by this court. The instant case has not reached a "final adjudication" as of the effective date of the Unified Code of Corrections and defendant is then entitled to the benefit of its provisions. (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) The Unified Code of Corrections classifies burglary as a Class 2 felony (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(b)) and as such the maximum term may be any term in excess of 1 year up to 20 years, with the minimum term not to exceed one-third the maximum set by the court. (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b)(3) and 1005—8—1(c)(3).) The minimum sentence, with the maximum set at 20 years, cannot exceed 6 years and 8 months.

■■ This court firmly believes that the maximum sentence imposed by the trial judge was in no manner excessive. We find that the maximum sentence of 20 years was justified and was not a penalty that would constitute a departure from the fundamental purpose and spirit of the law under the facts of the instant case. (*People v. Smith*, 14 Ill.2d 95, 150 N.E.2d 815.) The maximum sentence of 20 years is affirmed. The minimum sentence as discussed above, will then be modified to not less than 6 years and 8 months.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed as modified.

Judgment affirmed as modified.

BURMAN and JOHNSON, JJ., concur.