THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL HUSTON, Defendant-Appellant.

Third District   No. 76-83

Opinion filed March 7, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

William D. Henderson, State's Attorney, of Macomb (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Paul Huston, appeals from a conviction for unlawful delivery of a controlled substance, barbiturates, in violation of section 404 of the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1975, ch. 56½, par. 1404.) After a jury found the defendant guilty, the circuit court of McDonough County sentenced defendant to probation for three years on the condition that he pay a fine of $1,000 and the court costs.

The only issue on this appeal relates to an incident which occurred during trial in which the trial judge dismissed one juror and replaced him with an alternate juror, all without the knowledge or consent of the defendant. It is therefore unnecessary to set forth any of the evidence upon which defendant's conviction rests.

On Monday, November 10, 1975, a jury of 12 and one alternate were selected and sworn. Following presentation of a portion of the State's case that same afternoon, court was adjourned until Wednesday, November 12, since Tuesday was a court holiday. Immediately following the adjournment and before the trial judge left the courthouse, the judge received a call from one of the jurors, Marlin France, who indicated that he worked at a bank and had an important meeting in Springfield on Wednesday, the day trial was to resume. He asked to be excused and the judge agreed since the judge "didn't think it made any difference" since an alternate juror was available. It appears the juror had forgotten the

scheduled meeting during questioning on voir dire, but when the juror looked at his calendar after arriving back at his office, he recalled the date and immediately called the judge. When trial resumed on Wednesday, defense counsel discovered that a juror selected to serve on the panel was not present and the alternate was sitting in his place.

In chambers, defense counsel moved for a mistrial, stating that he had no knowledge of the reason for the juror's disappearance and believed the defendant had a right to rely upon the panel as originally picked. The judge denied defendant's motion and the case proceeded to conclusion. Defendant contends that the trial court's ex parte dismissal of a juror over defendant's objection was arbitrary and denied defendant his right to be present at all stages of trial.

■■■ It is well settled that a defendant has the right to appear and defend in person and through counsel at all stages of the proceedings against him where substantial rights might be affected. (*People v. Woods*, 27 Ill. 2d 393, 189 N.E.2d 293; *People v. Van Pelt*, 18 Ill. App. 3d 1087, 311 N.E.2d 184.) But the defendant must demonstrate that he was prejudiced by the trial court's actions and absent such a showing, there is no obligation to declare a mistrial and grant the defendant a new trial. (*People v. Williams*, 38 Ill. 2d 115, 230 N.E.2d 224; *People v. Longstreet*, 2 Ill. App. 3d 556, 276 N.E.2d 825.) Defendant was unable to demonstrate any prejudice during the hearing on his motion for a mistrial and the motion was therefore properly denied. We believe the better procedure in this case would have been to call in both the attorneys, but with due regard to the nature and circumstances of the problem, the trial judge was within his discretion in acting as he did.

The case of *People v. Payton*, 2 Ill. App. 3d 693, 276 N.E.2d 775, cited by defendant in support of his argument involves a different situation. After it became known to the court and both parties that one of the jurors was employed by the brother of the complaining witness, the court offered to replace the juror with an alternate. The defendant, having previously moved for a mistrial, refused to accept the substitution. During an examination of the juror by the court, the juror indicated that he was still willing to serve. Hence, the only suggestion for the dismissal of the juror came from the trial judge. In the instant case, however, it was one of the jurors who requested that he be excused and we believe that this distinguishes *Payton*. The refusal of defense counsel to accept an alternate juror precluded any claim of prejudice. When someone other than the court requests the dismissal of a juror, whether the request is from a member of the jury or from counsel for either party, the court has authority to grant or deny the request.

There is no indication in the record that defendant had exhausted his preemptory challenges or had sought to challenge the alternate for cause.

We do not decide today what would be the result if defendant had challenged the alternate for cause or had exhausted his preemptory challenges prior to the selection of the alternate.

For the foregoing reasons the judgment of the circuit court of McDonough County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.