THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JACK TANSIL, Defendant-Appellant.

Second District   No. 2—84—0871

Opinion filed October 18, 1985.—Rehearing denied November 18, 1985.

G. Joseph Weller and Kyle Wesendorf, both of State Appellate De-
fender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Following a jury trial in the circuit court of Kane County the defendant, Jack Tansil, was convicted of the murders of his mother and sister. (Ill. Rev. Stat. 1981, ch. 38, par. 9—1.) He was originally sentenced to two concurrent 30-year terms of imprisonment, but pursuant to an Illinois Supreme Court order, was later resentenced to a term of natural life imprisonment. On appeal, defendant raises only one contention: that the trial judge erred when, in the absence of defendant and his counsel, he refused the jury's request to review expert testimony under the erroneous assumption that he had no discretion to do so. For the reasons set forth below, the judgment of the trial court is reversed and the cause remanded for a new trial.

A review of the record indicates that defendant failed to raise this argument in his initial motion for post-trial relief. Generally, the failure to specifically raise a claim of error in a post-trial motion constitutes a waiver which precludes the reviewing court from considering that issue on appeal. (Ill. Rev. Stat. 1983, ch. 38, par. 116—1; *People v. Lucas* (1981), 88 Ill. 2d 245, 250, 430 N.E.2d 1091; *People v. Baynes* (1981), 88 Ill. 2d 225, 230, 430 N.E.2d 1070; *People v. Jackson* (1981), 84 Ill. 2d 350, 358-59, 418 N.E.2d 739; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181, 415 N.E.2d 1027; *People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d 233.) However, Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)) provides a limited exception to this general rule of waiver. Under Rule 615(a), a court of review may take notice of plain errors or defects affecting substantial rights which were not brought to the trial court's attention. (87 Ill. 2d R. 615(a); *People v. Jackson* (1981), 84 Ill. 2d 350, 359, 418 N.E.2d 739; *People v. Foster* (1979), 76 Ill. 2d 365, 380, 392 N.E.2d 6; *People v. Pugh* (1982), 106 Ill. App. 3d 901, 906, 436 N.E.2d 737; *People v. Thiel* (1981), 102 Ill. App. 3d 28, 30, 429 N.E.2d 565.) Thus, errors which have not been properly preserved for review may be considered in cases where the evidence is closely balanced or the error was of such magnitude that the accused was denied a fair trial. *People v. Lucas* (1981), 88 Ill. 2d 245, 251, 430 N.E.2d 1091; *People v. Carlson* (1980), 79 Ill. 2d 564, 576-77, 404 N.E.2d 233; *People v. Pickett* (1973), 54 Ill. 2d 280, 283, 296 N.E.2d 856; *People v. Pugh* (1982), 106 Ill. App. 3d 901, 906, 436 N.E.2d 737.

The defendant in the present case raised the affirmative de-

fense of insanity in response to the murder charges. After the jury began its deliberation, the judge, outside the presence of defendant or his attorney, communicated with the jury in response to its request for a review of certain medical testimony pertaining to the mental state of defendant. Since defendant's mental condition may have been a critical factor in the jury's decision, the judge's communication outside defendant's presence may well have affected defendant's substantial right to a fair trial. (See *People v. Queen* (1974), 56 Ill. 2d 560, 565, 566, 310 N.E.2d 166; *People v. Briggman* (1974), 21 Ill. App. 3d 747, 751, 316 N.E.2d 121.) Therefore, we find that we may consider the issue under the doctrine of plain error. See 87 Ill. 2d R. 615(a).

The jurors' deliberations began at 12 p.m. on July 20, 1983. At approximately 9:30 p.m. they submitted a request for the write-up of the opinions of certain medical experts who had testified regarding their psychiatric evaluations of defendant. The judge refused the request after several unsuccessful attempts to contact defense counsel. The jurors continued their deliberations until 10 p.m., at which time they retired for the evening. They reconvened at 9 a.m. and returned their verdict at 11 a.m. After announcement of the verdict, the following colloquy occurred:

"THE COURT: The record will so reflect. There is one other thing I would like to put on the record, Mr. Chabalewski [defense counsel]. There was a report came last night—I assume it will be returned with the instructions and things of that nature—the request, in essence, asked for the write-up of the professional opinions of certain of the doctors, (excluding Dr. Fischer). That is my recollection of the request. I attempted to contact both counsel. Mr. Sullivan [assistant State's Attorney] called me, coincidentally, just as I was ready to hand the jury the answer to the request with my answer to it. I had attempted to contact you on two different times at the number you had left and was advised you were not there. The answer I made to the request was something to the effect: You have heard all of the testimony; you should use your collective recollection to recall the testimony of the witnesses. The jury is not permitted to receive the testimony or parts of the testimony of the witnesses in writing. I returned the question to them. I merely wanted that to be reflected in the record. It was after numerous attempts to contact counsel, and I did what I felt was appropriate to let the jury get on with the deliberations. That was around 9:30 last evening when that request surfaced.

MR. CHABALEWSKI: For the record, I was—I would in-

form the Court, I think the Court is aware that myself, Mr. Sullivan, and Mr. Wechter [assistant State's Attorney] was over at T.S. Boonies, and I left my name that I was expecting a phone call. I received no such notification.

THE COURT: I understand that.

MR. CHABALEWSKI: And that is approximately half a block from the Courthouse."

■ It it well established that a defendant has the right to be present at all stages of the trial which involve his or her substantial rights. (U.S. Const., amend. VI; Ill. Const. 1970, art. I, sec. 8; *People v. Pierce* (1974), 56 Ill. 2d 361, 365, 308 N.E.2d 577; *People v. Woods* (1963), 27 Ill. 2d 393, 395, 189 N.E.2d 293; *People v. Tolbert* (1980), 81 Ill. App. 3d 977, 989, 401 N.E.2d 1004; *People v. Longstreet* (1971), 2 Ill. App. 3d 556, 557, 276 N.E.2d 825.) It has also been held that a judgment based upon a private communication, not made in open court, between a judge and jury during its deliberations violates the defendant's substantial rights. (See *People v. Rhoden* (1981), 101 Ill. App. 3d 223, 226, 427 N.E.2d 1292; *People v. Briggman* (1974), 21 Ill. App. 3d 747, 751-52, 316 N.E.2d 121. See generally Annot., 50 A.L.R.2d 176 (1956).) The proper procedure in such situations is for the trial judge to discuss the jury's request with the defendant's counsel and the prosecutor before responding to the jury. (*People v. Briggman* (1974), 21 Ill. App. 3d 747, 751-52, 316 N.E.2d 121; *People v. Longstreet* (1971), 2 Ill. App. 3d 556, 558, 276 N.E.2d 825; *People v. Harmon* (1968), 104 Ill. App. 2d 294, 301-02, 244 N.E.2d 358; see *People v. Slaughter* (1980), 84 Ill. App. 3d 1103, 1116, 405 N.E.2d 1295.) Where a defendant and counsel are absent from such a communication, the defendant must demonstrate that he or she suffered prejudice as a result in order for the error to require reversal. (*People v. Tilley* (1952), 411 Ill. 473, 478, 104 N.E.2d 499, *cert. denied* (1952), 344 U.S. 824, 97 L. Ed. 641, 73 S. Ct. 23; *People v. Rhoden* (1981), 101 Ill. App. 3d 223, 226, 427 N.E.2d 1292; *People v. Tolbert* (1980), 81 Ill. App. 3d 977, 989, 401 N.E.2d 1004; *People v. Longstreet* (1971), 2 Ill. App. 3d 556, 558, 276 N.E.2d 825; *People v. Harmon* (1968), 104 Ill. App. 2d 294, 301-02, 244 N.E.2d 358.) Prejudice has been demonstrated where the judge's communication with the jury has had an effect on the deliberative process. See *People v. Briggman* (1974), 21 Ill. App. 3d 747, 751, 316 N.E.2d 121; *cf. People v. Pierce* (1974), 56 Ill. 2d 361, 365, 308 N.E.2d 577; *People v. Slaughter* (1980), 84 Ill. App. 3d 1103, 1116, 405 N.E.2d 1295; *People v. Smith* (1979), 76 Ill. App. 3d 191, 198, 392 N.E.2d 682; *People v. Longstreet* (1971), 2 Ill. App. 3d 556, 558, 276 N.E.2d 825.

■ In the case at bar, the judge's response to the jury was at a significant stage in the proceedings. The requested testimony was highly pertinent to the jury's deliberations, and may well have been crucial to defendant's insanity defense. (See *People v. Briggman* (1974), 21 Ill. App. 3d 747, 751, 316 N.E.2d 121.) We acknowledge the dilemma presented the court caused by his being unable to contact the defense counsel, and appreciate the efforts he made in trying to do so. However, given the late hour of the request, a feasible alternative would have been to direct the jury to resume its inquiry the following morning. In any event, the jury did resume its deliberations the next morning at 9 a.m. and did not return a verdict until 11 a.m. There would have been more than adequate time to contact defendant and his counsel for whatever input he may have had. Possibly the court could have honored the jury's request, not necessarily in the form it asked, but otherwise. Because of these questions, and because of the significance of the testimony, we believe the defendant was prejudiced in being denied an opportunity to be present when the request was considered.

■ We further find that the trial court committed reversible error in instructing the jury that it was not permitted to review the testimony. It has been consistently held that it is within the discretion of the trial court to allow or refuse a jury's request to review testimony (*People v. Pierce* (1974), 56 Ill. 2d 361, 364, 308 N.E.2d 577; *People v. Sanders* (1984), 127 Ill. App. 471, 475, 469 N.E.2d 287; *People v. Baggett* (1983), 115 Ill. App. 3d 924, 929, 450 N.E.2d 913, *cert. denied* (1984), 465 U.S. 1032, 79 L. Ed. 2d 698, 104 S. Ct. 1298; *People v. Davis* (1982), 105 Ill. App. 3d 549, 555, 433 N.E.2d 1376, see generally Annot., 50 A.L.R.2d 176 (1956)), and, absent a clear abuse of that discretion, its decision will not be disturbed on review. (*People v. Pierce* (1974), 56 Ill. 2d 361, 364, 308 N.E.2d 577.) This is based on the recognition that the trial court generally is in a better position to assess the jury's request and determine whether reviewing the testimony would be helpful or harmful to the jury's deliberations. (*People v. Pierce* (1974), 56 Ill. 2d 361, 364, 308 N.E.2d 577; *People v. Sanders* (1984), 127 Ill. App. 3d 471, 475, 469 N.E.2d 287; *People v. Taylor* (1981), 99 Ill. App. 3d 15, 23, 424 N.E.2d 1246; *People v. Martin* (1980), 84 Ill. App. 3d 822, 826, 406 N.E.2d 49.) However, it is reversible error for a trial court to refuse to exercise that discretion in the erroneous belief that it has no discretion as to the question presented. *People v. Queen* (1974), 56 Ill. 2d 560, 565, 310 N.E.2d 166; *People v. Autman* (1974), 58 Ill. 2d 171, 317 N.E.2d 570; *People v. Davis* (1982), 105 Ill. App. 3d 549, 555, 433 N.E.2d 1376; *People v.*

*Anthony* (1975), 30 Ill. App. 3d 464, 469, 334 N.E.2d 208.

In the instant case, the court told the jury, "You have heard all of the testimony; you should use your collective recollection to recall the testimony of the witnesses. The jury is not permitted to receive the testimony or parts of the testimony of the witnesses in writing." This indicates to us that the trial court believed it had no choice but to deny the request.

As observed by the court in *People v. Rhoden* (1981), 101 Ill. App. 3d 223, 226, 427 N.E.2d 1292, there is no prejudicial error to a defendant where the trial court fails to exercise its discretion in response to a jury's request for inadmissible evidence. (See also *People v. Autman* (1974), 58 Ill. 2d 171, 176, 317 N.E.2d 570.) However, error may result where the trial court fails to ascertain specifically what the jury is requesting. (See *People v. Jackson* (1975), 26 Ill. App. 3d 618, 325 N.E.2d 450, where the court found that the trial court's failure to make a preliminary determination as to what a jury meant by requesting "transcripts of the trial" indicated that the court failed to exercise its discretion.) It has also been held that no reversible error occurs when the requested material is "unequivocally incriminatory and damaging to the defense" or irrelevant to any critical issue at trial. *People v. Pierce* (1974), 56 Ill. 2d 361, 364, 308 N.E.2d 577, 578; *People v. Queen* (1974), 56 Ill. 2d 560, 565-66, 310 N.E.2d 166, 169; *People v. Briggman* (1974), 21 Ill. App. 3d 747, 751, 316 N.E.2d 121, 125.

Here the trial court characterized the jury's request as "a write-up of professional opinions of certain of the doctors (excluding Dr. Fischer)." Since these opinions were based on testimony of witnesses for the defense as well as for the prosecution, they cannot be categorized "unequivocally incriminatory" to the defendant, nor in this case, irrelevant. Further, although the actual written reports of the doctors were not in evidence and therefore could not be given to the jury, based on the court's response, that "[t]he jury is not permitted to receive the testimony or parts of the testimony of the witnesses in writing," we conclude that the court believed the jury was actually requesting portions of the relevant testimony and not the witnesses' medical reports or notes *per se.*

In *People v. Pierce* (1974), 56 Ill. 2d 361, 363, 308 N.E.2d 577, the supreme court held that, under the circumstances of the case, the trial court did not abuse its discretion by denying the jury's request for the testimony of two witnesses. However, in that case, the court did not characterize the judge's reply, "I cannot instruct further. You must continue with your deliberations," as statements which indicated

the trial court's belief that it had no discretion in the matter. The trial judge's response to a jury request for the defendant's testimony in *People v. Queen* (1974), 56 Ill. 2d 560, 565, 310 N.E.2d 166, was more specific. In that case, the judge stated: "You must decide on the basis of the testimony heard in the courtroom. I cannot have any testimony of any witnesses read to you ***." The court determined that this response was erroneous, finding that it was a declaration that the trial court did not have the discretion to consider the jury's request. (*People v. Queen* (1974), 56 Ill. 2d 560, 565-66, 310 N.E.2d 166.) Similarly, in *People v. Autman* (1974), 58 Ill. 2d 171, 176, 317 N.E.2d 570, the court found prejudicial error in the trial judge's refusal of two jury requests to have testimony read to them. In one instance, the request was, "[w]ould it be possible to get a transcript of Mr. Lewis' testimony, and also the testimony of the first two officers that entered the front door of the store." The judge replied, "No." In the second instance, the request was, "[w]ould it be possible to have the Court Recorder read back some of the testimony?" The judge answered, "No. It is not permissible to read or play back testimony." The court concluded that, because the trial judge's response indicated that he believed he did not have the discretion to consider the jury's request and because the request may have related to critical testimony, the judge's response constituted reversible error. *People v. Autman* (1974), 58 Ill. 2d 171, 177, 317 N.E.2d 570.

The trial court's response in this case bears a striking resemblance to those described in *People v. Queen* (1974), 56 Ill. 2d 560, 310 N.E.2d 166, and *People v. Autman* (1974), 58 Ill. 2d 171, 317 N.E.2d 570; in fact, the judge's statements in *Autman* and the instant case contain almost identical language. Consequently, we interpret the judge's response to the jury here as an assertion that he had no discretion to consider the request. He should have inquired further of the jury with a view toward accommodating its request. (*People v. Jackson* (1975), 26 Ill. App. 3d 618, 629, 325 N.E.2d 450.) Therefore, we conclude that the trial court erred when it refused to exercise discretion in the mistaken belief that it had none.

Accordingly, for the reasons set forth above, the judgment of the trial court of Kane County is reversed and the cause remanded for a new trial.

Reversed and remanded.

STROUSE and UNVERZAGT, JJ., concur.