Futher Moore, Appellant, v. Baltimore and Ohio Chicago Terminal Railroad Company, Appellee.

Gen. No. 45,948.

Opinion filed May 12, 1953. Released for publication August 4, 1953.

RITSOS & RITSOS, and MARION J. HANNIGAN, all of Chicago, for appellant; MARION J. HANNIGAN, and G. A. BOSOMBURG, both of Chicago, of counsel.

ERICH W. LADEMANN, and BARRETT, BARRETT, COSTELLO & BARRETT, all of Chicago, for appellee; GEORGE F. BARRETT, JOHN W. COSTELLO, and EDWARD WOLFE, all of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff sued defendant, his employer, under the Federal Employers' Liability Act for damages allegedly resulting from defendant's failure to furnish plaintiff a safe place in which to work. The case was tried before a court and jury resulting in a verdict of not guilty, upon which verdict judgment was entered.

It is contended (a) that the verdict and judgment are contrary to the manifest weight of the evidence; (b) that defendant's counsel in final argument was guilty of prejudicial remarks; and (c) that error occurred in giving an instruction which it is claimed submitted an issue of contributory negligence, improper as a defense to an action brought under the Federal Employers' Liability Act.

Plaintiff was employed in defendant's freight yard in the City of Chicago as a trucker, moving interstate freight from one car to another. On the afternoon of

June 24, 1949 plaintiff was instructed by his immediate superior to take a wooden crate containing a deep freezer weighing around 700 or 750 pounds from one freight car to another. The movement involved pulling his loaded two-wheeled truck from a concrete platform to a freight car, over a metal plate which bridged the space between the edge of the platform and the car, the platform being from six to ten inches higher than the car floor. While on the plate the refrigerator became dislodged from the truck, part of it falling on the platform concrete and part on the lip of the truck, as a result of which plaintiff was jammed against the left side of the opposite door of the open-doored car into which he was proceeding. The record is not exactly clear as to how plaintiff came to rest at the point where his forward progress stopped, but according to his testimony, when the wheels of the truck struck the metal plate the plate dropped down, the left wheel of the truck hit his ankle and the bar of the truck hit him across the back and threw him across the car with his head out the door and his back, body and legs under the truck.

The factual issue, stripped of considerable immaterial detail, boils down to a question as to whether or not the iron plate spanning the space between the platform and the car shifted when the truck came in contact with it causing the truck to fall.

Plaintiff testified that the plate moved when the wheels of his truck struck it, that "it just fell right down, slid right in the car. When it moved I had crossed the plate"; and "Now when the wheels hit the plate the board dropped down and the freezer landed right on the end of the platform concrete and the truck shot out and caught this heel here (indicating) and ankle, and hit me in the back and jammed me in the left side. . . . The freezer, part of it stayed on the

24

platform and the other part stood in the car in the end of the truck."

Defendant contends that there was no movement of the plate immediately prior to or at the time of the accident, and to establish this fact introduced testimony of one Joyce, an assistant foreman, who examined the steel plate shortly after the accident and found it in proper position and nailed down with No. 30 nails in each corner; also the testimony of a freight loader, one Leigh, who said that the plate was in the same position after the accident as before the accident. Furthermore the statement given by plaintiff before the trial, admitted in evidence, stated that the plate was in good condition and that the runway was nailed down properly.

██ While there were some inconsistencies in the testimony on both sides, we are of the opinion that the question as to defendant's negligence in the maintenance of the steel plate was properly submitted to the jury, and are not inclined to interfere with their finding in this respect.

██ We have carefully examined the argument of defendant's counsel, complained of, and find no prejudicial error in this respect.

██ Plaintiff argues that there was error in submitting the following instruction to the jury:

"No. 28. If you find from the evidence under the instructions of the court that the plaintiff, Futher Moore, was before and at the time of the accident in question negligent, and if you further find that such negligence on his part was the sole cause of his said injuries, and that the said accident and injuries were not proximately caused or contributed in whole or in part by any negligence on the part of the defendant, then under the law it will be your duty to find the defendant railroad company not guilty."

Defendant argues that the effect of this instruction was to tell the jury that contributory negligence bars recovery, in violation of the express provisions of the Federal Employers' Liability Act. We do not so interpret instruction 28. The effect of the instruction is to tell the jury that if the accident was not proximately caused or contributed in any part by negligence of the defendant, but rather was the result solely of plaintiff's negligence, they should find the defendant railroad company not guilty. This is a substantially correct statement of the law on the subject.

While it is not argued, it is suggested that it was error for the trial court to deny, without communicating with the attorneys, the jury's request for additional instructions after commencing its deliberations. We find no merit in this contention.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

ROBSON, P. J. and SCHWARTZ, J., concur.