**Janie Quigley, Plaintiff-Appellant, v. Donald L. Snoddy, Defendant-Appellee.**

Gen. No. 68–12.

Fifth District.

November 15, 1968.

Rehearing denied December 20, 1968.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

 █

Harris, Holbrook & Lambert, of Marion, for appellant.

James B. Bleyer, of Marion, for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Williamson County entered upon a jury verdict finding in favor of defendant in plaintiff's action for personal injuries.

The testimony shows that on June 27, 1965, plaintiff resided on the south side of DeYoung Street, east of its intersection with Garfield Street in Marion, in Williamson County. Marion City Park is situated on the north side of DeYoung Street, and the swimming pool in the park lies directly north of plaintiff's home. At approximately 9:00 p. m. she left her home, intending to go to a baseball diamond in the park where a Little League game was to be played. The ball diamond is located north and east of the swimming pool.

Plaintiff's driveway lies directly across the street from a wide sidewalk which runs north through the park, from DeYoung Street to the swimming pool. Plaintiff's driveway is approximately 175 feet east of the intersection of De Young and Garfield Streets. Plaintiff was crossing De Young Street from her driveway to the park sidewalk above described when she was struck by an automobile being driven by defendant in an easterly direction.

Plaintiff's first assignment of error arises out of the admission into evidence of defendant's Exhibit 2, a photograph. There are in evidence a number of photographs of

234

the scene, some taken during the day and some at night. Plaintiff's Exhibit 4 is a photograph taken in daylight from the north, looking south, and shows the sidewalk which leads to the swimming pool, plaintiff's house, her driveway, and a portion of the premises to the east of her home. Defendant's Exhibit 2 is almost an exact duplicate of plaintiff's Exhibit 4, except that it shows a portable sign on each side of the park sidewalk, several feet north of the north edge of DeYoung Street, and bearing the legend "DO NOT CROSS STREET HERE—USE CROSS-WALK" and below the legend, an arrow pointing to the west.

 The admissibility of a photograph is governed by the same rules of relevancy and materiality as is other evidence. The issues of negligence and contributory negligence, insofar as they involve the fact that plaintiff was not at a crosswalk, are determinable within the scope of the statute; the fact that the signs were there is of no probative value, and is not material or relevant to the issues. We have examined the cases cited by defendant in support of his contention that if a photograph is accurate, properly identified, and relevant, the fact that it may have a tendency to prejudice the jury does not render it inadmissible. We do not quarrel with the rule as stated, but find no authority which renders admissible immaterial and irrelevant evidence because it is offered in a photograph, rather than by testimony. Testimony purporting to describe the signs and their location would not have been admissible, and the evidence cannot be introduced under the guise of being shown as part of a photograph. As the Supreme Court said in Tolman v. Wieboldt Stores, Inc., 38 Ill2d 519, at page 527, 233 NE2d 33, "We consider that this photograph was introduced for the purpose of prejudice as indicated by the emphasis on the sign in plaintiff's attorney's argument to the jury." The trial court erred in admitting the exhibit into evidence.

In Duffy v. Cortesi, 2 Ill2d 511, at page 517, 119 NE2d 241, at page 245, the Supreme Court said: "Where error is shown to exist, it will compel reversal, unless the record affirmatively shows that the error was not prejudicial. Crane Co. v. Hogan, 228 Ill 338, 81 NE 1032."

In Both v. Nelson, 31 Ill2d 511, at page 514, 202 NE2d 494, at page 496, 17 ALR3d 497, the Supreme Court said: "It is not every error, of course, that will require a reversal. Where it appears that an error did not affect the outcome below, or where the court can see from the entire record that no injury has been done, the judgment or decree will not be disturbed. (Baker v. Baker, 412 Ill 511, 107 NE2d 711; Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847; Pease v. Kendall, 391 Ill 193, 63 NE2d 2.) But where the case is a close one on the facts, and the jury might have decided either way, any substantial error which might have tipped the scales in favor of the successful party calls for reversal. (Edwards v. Hill-Thomas Lime & Cement Co., 378 Ill 180, 37 NE2d 801; Chicago, Burlington and Quincy Railroad Co. v. Warner, 108 Ill 538.)"

From our review of the record we are unable to say that the error did not tip the scales in favor of defendant and the judgment must, therefore, be reversed.

Because this case is remanded for a new trial, we discuss another issue argued in the briefs.

Plaintiff contends that the trial court erred in refusing to give her instruction number 15 and in giving defendant's instruction number 9. These instructions are in the form of IPI 70.03 and are identical except that defendant's omits from chapter 95½, section 172(c), Ill Rev Stats the following: "and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway," while plaintiff's quotes the section verbatim. The notes to IPI recommend that the deleted language be omitted from the instruction when not applicable to the evidence.

■ The evidence shows that on the date of the occurrence plaintiff was 67 years old, and suffering from Parkinson's Disease. Although the medical testimony shows that persons who suffer from Parkinson's Disease have difficulty walking, there is no testimony that as plaintiff crossed the street, she walked in other than a normal manner. In the absence of evidence that plaintiff was "confused or incapacitated," the court did not err in its rulings on the instructions.

Plaintiff has briefed and argued alleged prejudicial error in defendant's closing argument. There is no reference thereto in plaintiff's post-trial motion, and the error, if any, is not preserved for review.

For the reasons set forth the judgment of the Circuit Court of Williamson County is reversed, and the cause is remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

MORAN and EBERSPACHER, JJ., concur.