THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ISAIAH JOHNSON (Impleaded), Defendant-Appellant.

(No. 55684;

First District—February 29, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Lee T. Hettinger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant was charged with the murder of one George Shaw. He waived a jury, was tried by the court and was found guilty of murder. He was sentenced to serve fourteen to twenty years in the penitentiary. He was seventeen years of age and had no previous record. The evidence presented by the State disclosed that defendant stabbed the deceased in the leg after the deceased had attacked the defendant and his friend Joseph Rogers. Defendant contends that the State failed to prove him guilty of murder and that the evidence discloses that while he may have acted unreasonably, it was in defense of himself and another. Hence he contends that the sentence imposed should have been one for voluntary manslaughter and not murder.

Defendant and Joseph Rogers were with a group of boys, including the deceased, who were returning home from a dance at about 11:30 P.M. on June 14, 1969. Somewhere near 87th Street and Racine Avenue, Chicago, an argument arose over the purchase of liquor. Rogers testified that he and the deceased exchanged blows and that he (Rogers) then went across the street. At that point the defendant became involved in a fight with the the deceased. Rogers testified that he saw defendant pull out a knife during the fight and that the deceased did not have a weapon. Another witness for the State, Leonard Lindsay, testified that he saw the deceased strike Joseph Rogers, after which defendant and the deceased started fighting. He further testified that defendant had a knife. Two other witnesses for the State testified to seeing the fight between defendant and the deceased.

The testimony for the defense was to the effect that defendant went to the defense of one Rogers, his friend who had been struck by the deceased. A fight ensued between defendant and the deceased, during the course of which defendant stabbed the deceased in the leg and escaped. The deceased was larger than defendant and was reputed to be a skillful and aggressive fighter. Defendant contends that the evidence

presented by the State raises the issue of self-defense, that this issue being thus raised, the State has the burden of proving beyond a reasonable doubt that defendant did not act in self-defense.

The Voluntary Manslaughter Statute (Ill. Rev. Stat. 1967, ch. 38, par. 9—2(b) ) provides in part as follows:

"(b) A person who intentionally or knowingly kills an individual commit voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable."

The principles stated in Article 7 (Ill. Rev. Stat. 1967, ch. 38, par. 7—1) are as follows:

"A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony."

■■ While it is clear that viewing the evidence in calm detachment from the event, defendant did not act reasonably in stabbing an unarmed man in the leg, such a detached reflection cannot be required of a 17-year old youth who was being pummelled by a bigger man. It is the defendant's state of mind at the time of the incident that is the critical element. *People v. Williams*, 56 Ill.App.2d 159, 205 N.E.2d 749.

■■ The evidence presented by both the State and the defense shows that defendant attempted to help his friend and in so doing began the fight which resulted in the stabbing. As the deceased had been the aggressor, defendant's conduct was justified on the basis of self-defense. Defendant and the deceased punched and wrestled with one another. The struggle progressed from the sidewalk, where it had started, into the street, where defendant stabbed the deceased in the leg and ran.

■■ The Voluntary Manslaughter Statute (Ill. Rev. Stat. 1967, ch. 38, par. 9—2(a)(1)) further provides as follows:

"(a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) The individual killed, * * *."

The offense of voluntary manslaughter is a legal compromise between murder and exoneration, recognizing the human weakness of an intense

passion caused by serious provocation. (Ill. Rev. Stat. 1967, ch. 38, par. 9—2, Committee Comments.) The state of mind involved in voluntary manslaughter has been variously described as an "act of passion" and "sudden act of revenge," differentiating its culpability from that state of mind involved in murder. "[T]he law pays that regard to human frailty, as not to put a hasty and deliberate act upon the same footing with regard to guilt." 4 Blackstone (7th ed.) 191-192.

■■ The law in Illinois is well settled that mutual quarrel or combat is sufficient to support a finding of serious provocation. *People v. Hough,* 102 Ill.App.2d 287, 243 N.E.2d 520; *People v. Crews,* 38 Ill.2d 331, 231 N.E.2d 451; *People v. Stepheny,* 76 Ill.App.2d 131, 221 N.E.2d 798; *People v. Rice,* 351 Ill. 604, 184 N.E. 894.

In the *Hough* case, *supra,* a fight ensued after a name-calling battle. The deceased was struck with a baseball bat while trying to break up the fight. In reviewing the conviction for manslaughter the court said (p. 297, 525):

"From the time the defendants saw Huey [the deceased] until he was fatally injured, there was no pause in the activities of the participants sufficient to to show that the fatal blows were attributable to malice or revenge. There was no 'cooling off period' for the 'voice of reason to return'."

Likewise, there was no pause in the activities of the two combatants in the case before us to show that the fatal blow was attributable to malice or revenge. Indeed the provocation in this case, which was an unlawful physical assault by the deceased, appears to have been more serious than what is thought to be minimally required for a finding of voluntary manslaughter. In *People v. Stepheny, supra,* the reviewing court found that a quarrel of some duration between the defendant and the deceased over betting in a crap game was sufficient provocation to reduce the homicide to voluntary manslaughter. In *People v. Gadja,* 87 Ill.App. 2d 316, 232 N.E.2d 49, there was also a quarrel of some duration and the defendant testified that the deceased had physically attacked him. The latter fact was contradicted by the State's evidence. Notwithstanding that, the court found the provocation sufficient to support a conviction of voluntary manslaughter.

■■ As the provocation which aroused the passion of the defendant was sufficient in law and in fact to come within the definition of serious provocation as contemplated by the Manslaughter Statute, the conviction will be reduced from murder to voluntary manslaughter. Our decision makes unnecessary any consideration of the issues of self-defense and improper closing argument raised on appeal by defendant.

We find that defendant was not guilty of murder, but was guilty of

voluntary manslaughter. The judgment of murder is reversed and the cause is remanded to the Circuit Court with directions to enter a finding of guilty of voluntary manslaughter and to impose a sentence for that crime appropriate to the facts and circumstances of this cause and to such matters in aggravation or mitigation as may be made available to the trial court.

Reversed and cause remanded with directions.

STAMOS, P. J., and LEIGHTON, J., concur.