WILLIAM R. HUNTER, Plaintiff-Appellee, *v.* JOHN SMALLWOOD, Defendant-Appellant.

(No. 74-334;

Third District—May 13, 1975.

Kritzer, Stansell & Critser, of Monmouth (Richard L. Whitman, of counsel), for appellant.

Barash & Stoerzbach, of Galesburg (Ronald Henson and Carl Hawkinson, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant John Smallwood appeals from a judgment of the Circuit Court of Warren County in favor of plaintiff William R. Hunter in the sum of $2,500 for damages caused to his automobile, in a collision with the automobile belonging to William R. Hunter. Defendant filed a post-trial motion for judgment notwithstanding the verdict or in the alternative for a new trial. Defendant's motion was denied. The appeal is based on the contention that the trial court erred in failing to satisfy the request of a jury for clarification of the verdict forms in this case during the jury deliberations.

The instant action results from an automobile accident on August 13, 1971, between automobiles driven by John Smallwood and Thomas Hunter, son of plaintiff, William R. Hunter. Smallwood's father, Billy Smallwood, filed an initial suit for $1,000 in property damage against Thomas Hunter. Thomas Hunter's father, William R. Hunter, intervened as the owner of the Hunter vehicle and filed a complaint for $2,500 in

property damage as against John Smallwood. The two actions were tried together by agreement of the parties before a six-man jury.

The affidavit of the trial judge indicates that he was twice advised by the bailiff during the jury deliberations that the jury wished clarification of the forms of verdict. The attorneys representing the parties, however, had departed from the court house and the court "deemed it inappropriate or improper to accede to said requests out of the presence of the attorneys," and accordingly refused to meet with the jury or to clarify or respond to either jury request. The jury had been instructed that two lawsuits were involved and two verdicts were required. An instruction was given explaining the forms which should be used with possible verdicts, and the verdict forms, two for each claim, were also supplied. The jury returned a verdict against Billy Smallwood and in favor of Thomas Hunter in the first action. They also returned a verdict in favor of Robert Hunter in the amount of $2,500 against John Smallwood in the second action.

Defendant John Smallwood filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial, and attached affidavits of the jury foreman and three of the other five jurors which indicated that the jury had decided against recovery in both cases, but was confused by the verdict forms. The affidavits indicated that this information had been communicated to the State's attorney by several of the jurors when they saw him in the hall of the court house after the trial. The trial court considered the post-trial motion and the briefs of both parties but denied the motion.

The parties are basically in disagreement over the meeting of section 67(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 67(1)), which provides:

> "[The court] shall in no case, after instructions are given, clarify, modify or in any manner explain them to the jury, otherwise than in writing, unless the parties agree otherwise."

Appellant Smallwood interprets this provision to mean that the trial court may always clarify or modify the instructions in writing without regard to the presence of or notice to the parties but that the parties may agree to oral clarification or modifications. Appellee Hunter, on the contrary, suggests that the section does not authorize the contact between the judge and jury, without first advising the parties, but that once the court determines to communicate with the jury after notifying counsel, he must do so in writing only, unless the parties stipulate to an oral response.

■■ From the language of section 67(1) it is apparent that it does not speak to the necessity of notifying counsel before any judge-jury contact but rather concerns the manner of any such communication. The

legislative history noted by appellant in this case is that the words "unless the parties agree otherwise" were added by amendment. Since the remaining portion of the section requires judicial clarification of instructions to be in writing, we believe that it is clear that the amendment was made to permit oral clarification if the parties so agreed. It is our conclusion that, therefore, section 67(1) does not, by its terms, require notification to counsel by the court before any response to a jury request.

■■ The courts of this State have indicated, however, that, generally, there should be no communication between trial court and the deliberating jury other than in the presence of or with the knowledge of counsel. *Mound City v. Mason* (1914), 262 Ill. 392, 399, 104 N.E. 685; *People v. Brothers* (1932), 347 Ill. 530, 545-9, 552 *et seq.*, 180 N.E. 442; *Crabtree v. Hagenbaugh* (1860), 23 Ill. 289; *Mathes v. Basso* (1st Dist. 1968), 104 Ill.App.2d 237, 39-40, 244 N.E.2d 362; cf. 35 I.L.P. *Trial* § 287 (1958); 75 Am. Jur. 2d *Trial* § 1001 (1974).) Such communication outside of open court may become grounds for reversal, depending on the facts of each particular case. See Annot., 41 A.L.R.2d 288 *et seq.* (1955); 28 I.L.P. *New Trial* § 21 (1957); 58 Am. Jur. 2d *New Trial* § 110 (1971).

If the court communicates with the jury without notice to the parties, but puts the communication in writing and on the record, much of the problem would be alleviated, for there would be no secret proceeding. Nevertheless, because of the possible prejudice which could arise, the best practice for a trial court, upon a jury's request for further instructions or for a review of testimony, is to consult with counsel before responding. *People v. Briggman* (1st Dist. 1974), 21 Ill.App.3d 747, 751-2, 316 N.E.2d 121; 76 Am. Jur. 2d *Trial* § 1048 (1975).

No cases have been cited to us nor have we been able to discover any definitive Illinois cases on the necessity of notifying counsel before responding to a jury request. Appellant in this cause cites *Emme v. Pennsylvania R.R. Co.* (1st Dist. 1961), 29 Ill.App.2d 97, 172 N.E.2d 507, for the proposition that the court may clarify instructions in writing when requested by the jury, without notifying parties. As appellee points out, however, that case holds only that an oral clarification by the court, absent notice to counsel, was so insignificant as not to be error. Appellee cites *Moore v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1st Dist. 1953), 351 Ill.App. 22, 113 N.E.2d 481, in support of his argument that the court may deny further instructions to the jury without first informing counsel of the jury request. That holding, however, appears to be dictum since the point was not argued in that case, but only suggested, and the case has not been cited on that point since such time.

■■ It is our conclusion, as a general rule for guidance, that a trial court should at least attempt to notify counsel of a jury request for review of

testimony or for clarification of instructions, before making any response. There may also be cases where the trial court may properly act, within its discretion, and respond to a request without prior notice to counsel, such as where counsel are absent from the courtroom and cannot be located, or where the proper response is so obvious as to be insignificant. In most cases, however, we believe that counsel should be made aware of the jury request before the court acts upon it.

Here the court felt it would be improper, and expressed the conclusion that the court should not exercise its discretion to advise the jury in absence of counsel. Yet the court made no attempt to get in touch with counsel so far as the record indicates. Irrespective of the failure to contact counsel, there remains a question as to how the trial court should have dealt substantively with the request by the jury for clarification of the verdict forms. While there is no Illinois Supreme Court decision concerning jury requests for further instructions in civil cases, the court has recently held that it is within the sound discretion of the trial court to allow or refuse a request of a deliberating jury for a review of testimony in criminal cases. (*People v. Pierce* (1974), 56 Ill.2d 361, 308 N.E. 2d 577; *People v. Queen* (1974), 56 Ill.2d 560, 565-6, 310 N.E.2d 166.) It has also been suggested that a court admits error when it fails to exercise such discretion in not even attempting to determine what testimony the jury seeks to re-examine. (*People v. Autman* (1974), 58 Ill.2d 171, 177, 317 N.E.2d 570.) We believe that the same rules generally should apply to jury requests for clarification of instructions in civil cases. See 76 Am. Jur. 2d *Trial* § 1046 (1975).

■■ It has also been suggested that the court has the duty to further instruct where the jury requests clarification at least where the original instructions were incomplete or where the jurors indicate confusion. (*People v. Harmon* (1st Dist. 1968), 104 Ill.App.2d 294, 244 N.E.2d 358; *People v. Kucala* (1st Dist. 1972), 7 Ill.App.3d 1029, 1030-1035, 288 N.E. 2d 622.) One legal compilation states this issue as follows:

> "Where the jury make their difficulties explicit, the judge should clear them away with concrete accuracy; and where the question asked is not clear, it is the duty of the court to seek clarification."

(23A C.J.S. *Criminal Law* § 1376 (1961).) While the cases and quotation to which we have referred relate to criminal law, there appears to be no good reason why the same principles would not apply to civil cases. See 89 C.J.S. *Trial* § 475(d) (1955).

■■ The cases in other jurisdictions show varying responses to the issue. Notably, there is a great deal of recent support for the principle that the court should make every effort to clear up any confusion in the minds of the jurors. The deliberation of the jury is the final crucial stage

of any trial. In the interest of justice, it is necessary and requisite that the jurors have a full and complete understanding of the instructions of the court. If, during their deliberations, the jurors desire additional information or instructions, their request should be considered without delay. Otherwise, verdicts would be indirectly coerced or rendered under a misunderstanding or misapprehension of the law or the facts. *Wittmeier v. Post* (1960), 78 S.D. 520, 105 N.W.2d 65, 70; *cf. Worthington v. Oberhuber* (1966), 419 Pa. 561, 215 A. 2d 621; *Ford v. Nathan* (Fla. App. 1964), 166 So. 2d 185, 189; *Stayberg v. Henderson* (1967), 277 Minn. 16, 151 N.W.2d 290, 292-293.

■■ The trial court, at the very least, had a duty in this case to ascertain the particular confusion which the jury was experiencing as a result of the respective verdict forms. While the court might have some discretion in determining whether or not to clarify the situation, the trial court could not exercise such discretion without more fully understanding the problem which the jury experienced. Even where a situation is relatively clear to a trial court, in most cases it would probably be more consistent with the ends of justice if the trial court makes an attempt to clarify the instructions for the jury, after consulting with counsel for both parties, if available, or at least attempting to understand the problem which is confusing the jurors.

While in the present case the verdicts rendered are consistent with each other and are regular on the face of the verdicts, the evidence could have supported other verdicts reflecting the true intent of the jurors. The affidavits of the jurors, in fact, suggest that another verdict was intended by the jury.

The affidavit of the jury foreman supported by three other jurors reads in part as follows:

> "* * * that it was the consensus of all members of the six person jury that there should be no recovery for property damage in either case and that the jury was confused by the form of verdicts furnished to them and did not know how to return verdicts in accordance with their agreement; that they requested communication with the presiding judge on two different occasions to obtain clarification of the instructions to permit them to return said verdicts disallowing recovery to either party; that had clarification been given as to the form of the verdicts required to reach said result, verdicts would have been returned against the owners of the vehicles involved and for the drivers of said vehicles in each law suit."

By a long established rule in this State, affidavits of jurors would not be admissible to impeach a duly rendered verdict. (*Palmer v. Poynter*

(4th Dist. 1960), 24 Ill.App.2d 68, 73, 163 N.E.2d 851; *Loucks v. Pierce* (4th Dist. 1950), 341 Ill.App. 253, 257; 35 I.L.P. *Trial* § 322 (1958); 28 I.L.P. *New Trial* § 77 (1957); 76 Am. Jur. 2d *Trial* §§ 1219-32 (1975); Annot. 40 A.L.R.2d 1119 (1955).) This is a salutary rule, designed to prevent jury tampering and to "suppress the dissatisfied juror." The sensitive jury deliberations and the thought processes of the jury should not be thrown out in the open and picked apart; otherwise, no trial would ever be safe from attack.

■■■ But there are some exceptions to the general rule. Where the record itself shows that the jury is hopelessly confused, or the affidavits tend to show that the verdict rendered and recorded was not the one agreed upon by the jurors, then we believe that the affidavits may be considered. (See 76 Am. Jur. 2d *Trial* §§ 1220, 1225-6 (1975) and cases cited therein.) The record here discloses the jury confusion. After the jury once expressed the problem and then was denied any explanation or inquiry by the court, they again asked for clarification of the verdict forms. The affidavit, supported by four of the six jurors in the case, states that verdicts denying recovery in both cases were agreed upon by all jurors. Yet the verdict, contrary to the jurors' intention, was actually recorded in favor of plaintiff for $2,500.

While it may be very difficult for a court to understand that a jury could be confused by the relatively simple verdict forms, to the point of returning a verdict of $2,500 (when it wished to deny recovery) it must be remembered that jurors are laymen and not accustomed to legal language. The very presence of the two lawsuits, the relationship of the various parties to each other and to the accident, and the existence of four forms of verdict, could have confused the jury. The affidavits of the four jurors are fairly persuasive that the verdict rendered was not the one which was reached by the jury. It is not simply a case of one juror's affidavit to the effect that he did not agree with the verdict or participate in the discussion.

Obviously the time has long since passed when the original jurors may be brought back into court and questioned concerning the verdict. As a result of the apparent prejudice to appellant, it is clear that some remedy should be forthcoming. We conclude that a new trial should be granted in this cause for the reasons stated in the course of this opinion.

The order of the trial court denying a new trial is, therefore, reversed and this cause is remanded for a new trial.

Reversed and remanded.

STENGEL and BARRY, JJ., concur.