ROBERT E. SMITH, Plaintiff-Appellee, v. BAKER'S FEED AND GRAIN, INC., Defendant-Appellant.

Third District   No. 3—90—0401

Opinion filed May 17, 1991.

STOUDER, P.J., dissenting.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle (Richard J. Lannon, Jr., of counsel), for appellant.

Mueller, Garretson & Wilhelm, of Morris (Joseph A. Mueller, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Robert Smith, sued defendant, Baker's Feed and Grain, Inc. (Baker's), to recover damages for injuries sustained when plaintiff fell down a flight of stairs. Smith is a farmer, contractor and bricklayer. At his farm he raises horses. On November 20, 1986, Smith went to Baker's to purchase feed for his horses. There, Smith alleges, he suffered injuries falling down a negligently maintained stairway. A jury returned a verdict in favor of Smith, and defendant appeals.

Defendant argues that the trial court erred: (1) in admitting the photograph of a stairway which was not in the location of the accident; (2) in responding to a question from the jury concerning the

testimony of defendant's secretary; and (3) in finding that Smith proved his case by a preponderance of the evidence. We affirm.

There are two buildings with loading docks and similar stairways leading to the docks on defendant's property. The stairway is situated on the east side of one building and on the west side of the other. Testimony admitted at trial established that the stairways were similarly constructed and built at about the same time. For convenience, we will refer to them as the east stairway and the west stairway. Plaintiff's fall was on the west stairway.

At trial, over defendant's objection, Smith introduced a photograph of the east stairway. Plaintiff's stated purpose in introducing the photograph of the east stairway was to demonstrate that defendant had knowledge that stairs to both loading docks were in need of repair. Defendant objected because the accident occurred on the west stairway, and the fact that the east stairway appears to be defective was not relevant to any determination of defendant's allegedly negligent maintenance of the west stairway. Defendant was unwilling to stipulate that it had notice of any deterioration of the west stairway and further refused the court's offer to give limiting instruction because, defendant reasoned, the instruction would only focus the jury's attention on the photograph. The trial court determined that the photograph was admissible on the issue of notice, and it was included as an exhibit among no less than nine other photograph exhibits displaying, from various angles, the west stairway.

■ "The general rule is that a photograph is admissible if it has a reasonable tendency to prove a material fact in issue." (*Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 894, 388 N.E.2d 906, 910.) Defendant argues that a photograph should be excluded when it is irrelevant, immaterial or its prejudicial nature plainly outweighs its probative value. Having reviewed the record in this case, we must agree that the photograph of the badly dilapidated east stairway meets this test and should have been excluded. The issue on appeal, however, is whether admission into evidence of the photograph was reversible error.

■ The rule on appeal is that "we will not reverse a jury verdict because of error in the admission of evidence unless there has been a denial of real justice. [Citations.] *** [A]n erroneous ruling on evidence is harmless where the result reached was not affected by the ruling, and the result reached was the only one warranted by other evidence in the case. [Citation.] *** In addition, the burden is on the party seeking reversal to establish prejudice." *Atkins*

*v. Thapedi* (1988), 166 Ill. App. 3d 471, 477, 519 N.E.2d 1073, 1077.

Lacking any clear showing of prejudice, error in admitting photographic evidence may be harmless. (See *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 388 N.E.2d 906 (admission of a photograph of decedent taken several years before his death was error, but not prejudicial to defendant).) It is axiomatic that the decision to admit or not admit a photograph is a matter within the discretion of the trial court. To be successful, the objector during the trial need only demonstrate to the court's satisfaction that the prejudicial value of the photograph outweighs any probative value. If the objection is overruled and the jury renders a verdict unfavorable to the objecting party, to succeed in his motion for a new trial, the objector-movant bears the heavier burden of establishing that the photograph's erroneous admission into evidence in fact prejudiced his case or affected the outcome of the trial. (*Atkins v. Thapedi* (1988), 166 Ill. App. 3d 471, 519 N.E.2d 1073.) If the trial court determines that its ruling was proper or harmless error and denies the objector-movant's post-trial request for relief, the standard by which the ruling is reviewed on appeal poses an even greater burden. The objector-movant-appellant must now demonstrate that the trial court's ruling denying post-trial relief was a clear abuse of discretion (*Marotta v. General Motors Corp.* (1985), 108 Ill. 2d 168, 483 N.E.2d 503), *i.e.*, the ruling resulted in a "denial of real justice."

■ In this case, in addition to the photograph at issue, there were at least nine other photographs admitted which demonstrate that the wooden stair tread forming the top step of the west stairway was splitting and dangerously tilted down from back to front. Considered within the context of the totality of the evidence, error in admitting the single photograph of the east stairway could not have affected the outcome of the trial. The record on appeal contains substantial evidence supporting the jury's verdict. When all of the photographs admitted into evidence are viewed, as they were by the jury, there can be no doubt but that error in admitting one photograph of the east stairway could not have misled the jury on any issue in dispute and was, therefore, harmless. In sum, we find that defendant has not borne his burden on appeal to establish that the trial court abused its discretion in denying defendant's post-trial request for relief on this basis.

Defendant next argues that the court committed error in responding to a jury inquiry. During the trial, Mrs. Butler, defend-

ant's secretary at the time of the accident, testified with reference to the west stairway that she was aware that "recommendations had been made" to make repairs to or improve the stairs. Subsequently, during their deliberations, the jurors submitted an inquiry: "Mrs. Butler's testimony: She said that they had talked about repairing the stairs in question. Was this before or after the incident? Date and time." After extended discussion with counsel for both parties and over defendant's objection, the court instructed the court reporter to transcribe the following testimony of Mrs. Butler, which was then read to the jury:

"Q. Had you been present for conversations before this incident about the need for a replacement of the stairs we have been talking about?

A. There had been recommendations.

Q. Who had made those recommendations?

A. That it was time to put some repairs in.

Q. To those stairs?

A. Uh-huh.

Q. So you and the other employees knew there was a problem with the stairs at that time?

A. Not that there was a problem, but that they could be improved upon.

Q. And the discussion was about replacing them, is that correct?

A. Repairing them."

■ The decision whether to affirmatively respond to inquiries by a jury lies within the discretion of the trial court. (*Hunter v. Smallwood* (1975), 28 Ill. App. 3d 386, 328 N.E.2d 344.) Thus, the issue on review is whether the court abused its discretion in responding as it did to the jury's question. Although it is generally not error for the court to refuse to read back testimony upon a deliberating jury's request therefor (see, *e.g., People v. Pierce* (1974), 56 Ill. 2d 361, 308 N.E.2d 577), there also is support for giving an affirmative response to a jury's reasonable request to review testimonial evidence. *Pierce*, 56 Ill. 2d 361, 308 N.E.2d 577 (Schaefer, J., dissenting).

■ In this case the jury's inquiry was simple and certainly not unreasonable in scope. However, it appears that the answer to the jury's quandary lay not in Mrs. Butler's answer so much as in the question put to her. To the extent that the jury's inquiry could be answered, that portion of the testimony read back to them was relevant.

Defendant suggests that the trial court improperly assumed that the jury's inquiry related to the west stairway. This contention is not well-founded. In the context of Mrs. Butler's testimony, the "stairs in question" (with reference to the jury's request) and the "stairs we have been talking about" (with reference to the court's response) both refer to the west stairway. We find that in choosing to respond as it did, the court did not attempt to interpret the jury's inquiry or influence the jury with the court's own recollection of the testimony. We hold that the court did not abuse its discretion in its handling of the jury's inquiry.

■ Lastly, we find that defendant's challenge to the sufficiency of the evidence of its liability is not well-taken. From our review of the record on appeal, we find ample evidence that the top step of the west stairway was breaking down and obviously in need of repair before plaintiff's accident. Moreover, it is apparent that in rendering their verdict the jury carefully and properly considered all of the evidence presented at trial. The jury answered two special interrogatories—whether plaintiff was a trespasser upon defendant's premises and whether defendant was guilty of wilful and wanton misconduct (count II). To both questions the jury responded, "No." In addition, they were given five verdict forms, two of which included a finding of plaintiff's contributory negligence. Ultimately, the jury selected the form in favor of plaintiff awarding damages on count I (negligence) only and reducing plaintiff's recovery (by 30%) for his own negligence. Based on our review of the record, we hold that the jury's verdict finding defendant primarily liable for plaintiff's injuries is not contrary to the manifest weight of the evidence admitted at trial and should not therefore be disturbed on appeal.

The judgment of the circuit court is affirmed.

Affirmed.

SLATER, J., concurs.

PRESIDING JUSTICE STOUDER, dissenting:

I respectfully dissent. The admissibility of a photograph is governed by the same rules of relevancy and materiality as is other evidence. (*Quigley v. Snoddy* (1968), 102 Ill. App. 2d 232, 242 N.E.2d 775.) A photograph should be excluded when it is irrelevant or immaterial or its prejudicial nature plainly outweighs its probative value. *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 388 N.E.2d 906.

In *Quigley*, the plaintiff was crossing a street from her driveway to a park sidewalk when she was struck by the defendant's car. On appeal, although no exact number was given, the court noted that a number of photographs of the accident scene were taken and later submitted into evidence at trial. Notwithstanding the other photographs, the photograph at issue was taken in the daylight depicting the sidewalk, the plaintiff's home, her driveway and a portion of the area to the east of her home. It also showed a portable sign bearing the legend "DO NOT CROSS STREET HERE—USE CROSSWALK." The appellate court found that this photograph was admitted erroneously at trial and sufficiently prejudiced the appellant to warrant a reversal. *Quigley v. Snoddy* (1968), 102 Ill. App. 2d 232, 242 N.E.2d 776.

Similarly, in the instant case, the condition of the west stairway was at issue. Smith introduced the photograph of the east stairway purportedly to show that Bakers had or should have had notice or knowledge of a defect or dangerous condition regarding both the east and west stairways. Smith also sought to prove that a dangerous condition existing on the west stairway caused his injuries. However, evidence of the east stairway being in a dangerous condition does not indicate that the west stairway was also in a dangerous condition.

Furthermore, the defendant's objection to the admission of the photograph at trial was denied by the trial court, thereby giving judicial sanction to the relevancy of the photograph. The plaintiff then referred to the photograph in his closing argument to buttress his claim of the defendant being generally negligent in maintaining both stairways. Thus, it can hardly be said that the photograph's impact on the case was of little significance, or harmless error. As such, I find the photograph of the east stairway to be irrelevant, prejudicial, and its admission constitutes reversible error.

Accordingly, I must dissent from the proffered opinion.