[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter presently before this court is plaintiff's motion for entry of final judgment. The court has proper jurisdiction over this matter pursuant to G.L. 1956 (1985 Reenactment) §8-2-14.
FACTS/TRAVEL
The case arises out of an automobile accident between the parties on November 28, 1984 on New London Avenue in the City of Cranston. The plaintiff, Elizabeth Moynihan, filed a personal injury action on November 2, 1987 for injuries arising out of that accident. Harris Yetra was driving a car owned by William Jette Sons, Inc., at the time of the accident. Both Yetra and William Jette Sons, Inc. were named as defendants in the action. A third defendant, Everett Gorton, entered into a Joint Tortfeasor Release for $25,022.00 and was thereby released from further liability on the accident.
The case was heard before a jury on June 25, 1992 through July 1, 1992. On July 1, 1992 the jury returned a verdict for the plaintiff. The jury responded to a series of interrogatories propounded to them. To the question "What is the total amount of damages suffered by Elizabeth Moynihan?" the jury responded "$70,000." To a question asking an assessment of each party's negligence, the jury found that Yetra, Moynihan, and Gorton contributed 10%, 10%, and 80%, respectively, to the accident. Judgment was entered on the verdict in the amount of $7000.
Subsequently, on July 9, 1992, the plaintiff moved for a new trial on the ground that the award of damages was grossly inadequate. This court granted plaintiff's motion on July 21, 1992 and the defendant appealed.
The parties appeared before the Rhode Island Supreme Court to show cause why their appeal should not be dismissed. The Court reversed the motion for a new trial and remanded the case for entry of judgment consistent with the jury award. Judgment was entered by this court on July 8, 1993. The parties now object to the entry of judgment, have stipulated to vacate such judgment and have each filed motions for entry of final judgment.
The plaintiff moves for entry of judgment in the amount of $70,000. The plaintiff argues that the jurors computed the total damages due the plaintiff after having taken into account the percent of negligence of the defendant. To support its assertion, the plaintiff introduced the affidavits of four of the six jurors which state that each juror intended that $70,000 represented 10 percent of the plaintiff's damages. The defendant argues that the jurors' affidavits may not be used to impeach the jury verdict and that final judgment should be entered on the verdict for $7000.
The Law
Rhode Island Rule of Evidence 606(b) provides that "a juror may not testify as to any matter or statement [occurring] during the course of the jury's deliberations. . . ." This rule applies equally to a juror's affidavit concerning such subject matter. It is well settled in Rhode Island that "jurors' affidavits when offered to prove what any of the jurors may have done either before or during their deliberations cannot be used to impeach their verdict." Roberts v. Kettelle, 116 R.I. 283,356 A.2d 207, 217 (R.I. 1976). The purpose of this rule is to provide for finality of the jury verdict. State v. Drowne, 602 A.2d 540, 543 (1992).
In the case at bar, the plaintiff introduces the affidavits of four jurors, not to impeach the verdict rendered, but rather to explain what it reflects. The plaintiff argues not that the verdict is wrong but that it has been misread by this court. Rule 606(b) should not be read to render incompetent testimony concerning a court's mistaken interpretation of a verdict. SeeAttridge v. Cencorp. Div. of Dover Tech. Intern., Inc., 836 F.2d 113, 116 (2d Cir. 1987). The Second Circuit Court of Appeals has faced a similar set of facts and noted that "[U]nyielding refusal to question jurors is without sound judgment where the court surmises that the verdict announced differs from the amount intended." Id. at 114. Similarly, the Supreme Judicial Court of Massachusetts has held that jurors' affidavits may be used to show that a verdict rendered was not the one agreed upon by the jury. Hunter v. Smallwood, 328 N.E.2d 344, 349 (Mass. 1975).See also Cassamasse v. J.G. Lamotte Son, Inc.,461 N.E.2d 785, 788 (Mass. 1984) (juror testimony may be admitted to show that recorded verdict was other than that agreed upon)). Our own Supreme Court has allowed the introduction of juror testimony where it was immediately brought to the trial judge's attention that the verdict did not reflect the intent of the jury. NewportFisherman's Supply v. Derecktor, 569 A.2d 1051 (R.I. 1990).
This court adopts the more enlightened view that where the verdict as read by the court does not reflect the intent of the jury, Rule 606(b) does not bar the introduction of jurors' affidavits. This rule ensures the veracity of the jury verdict while safeguarding its finality.
This Court has reviewed the jurors' affidavits and finds that the jurors reduced plaintiff's award by the amount of her negligence and that of the released joint tortfeasor, Gorton,before awarding the plaintiff damages. Further, this court finds that the total damages of $70,000 as rendered on the verdict reflects defendant's 10 percent share of the damages rather than the total damages suffered by the plaintiff as a result of the accident.
For the above reasons, this court grants plaintiff's motion and enters judgment for the plaintiff in the amount of $70,000.
Counsel shall prepare the appropriate judgment for entry.